J-S71029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONELL FORNEY | : | |
| | : | |
| Appellant | : | No. 3612 EDA 2017 |

Appeal from the Judgment of Sentence December 4, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006509-2016

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED MAY 16, 2019**

Appellant, Ronell Forney, appeals from the Judgment of Sentence entered in the Philadelphia County Court of Common Pleas after a jury found him guilty of First-Degree Murder and Carrying a Firearm without a License. Appellant challenges the weight of evidence and the denial of his Motion for a Mistrial based on an alleged **Brady**[1] violation. We affirm.

We glean the following factual and procedural history from the certified record. In August of 2007, Appellant, Terrel Davis ("decedent"), and Reginald Smith sold drugs in the Kensington and Allegheny area of Philadelphia for Eric Roberts. After Roberts learned from his sister, Erica Morley, that the decedent had stolen drugs and money from a safe in their home, Roberts directed Appellant to "get rid" of decedent. At approximately 3:00 AM on September

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

1, 2007, Appellant shot and killed decedent on the 3100 block of North E Street, near a Chinese store.

Sharde Murrell, who was in the Chinese store at the time, and Tiara Murrell, who was in her home at the time, heard the gun shots. Police investigators interviewed them on September 1, 2007. On October 3, 2007, Detective Theodore Hagan, the detective assigned to the case, created a photo array, which included Appellant's photograph. He showed this photo array to Sharde and Tiara Murrell in hopes of obtaining a positive identification of decedent's killer. However, neither Sharde nor Tiara Murrell made an identification. Because no one identified the shooter, no arrests were made at that time.

In 2016, Reginald Smith agreed to provide information of any known crimes in exchange for a possible reduced sentence in his own unrelated criminal case. According to Smith, at approximately 3:00 AM on September 1, 2007, he left the Chinese store with a female to head to a house at 3150 North E Street. Before he entered the house, Roberts yelled to him to stay on the block. He then spotted decedent walking towards Appellant and Roberts, saw Roberts hand Appellant a gun, and watched as Appellant shot decedent three to four times.

Consequently, the Commonwealth charged Appellant with First-Degree Murder, Criminal Conspiracy, Carrying a Firearm without a License, Carrying a Firearm on Public Streets or Public Property in Philadelphia, and Possession

of an Instrument of Crime.[2]  A jury trial commenced on September 11, 2017,

after which the jury found Appellant guilty of First-Degree Murder and Carrying

a Firearm without a License.  On December 4, 2017, the court sentenced

Appellant to life imprisonment without the possibility of parole.

Appellant filed a Post-Sentence Motion challenging the weight and

sufficiency of evidence, and alleging a ***Brady*** violation by the Commonwealth.

On December 28, 2017, the Court denied the Post-Sentence Motion without a

hearing.  Appellant timely appealed.[3]  Both Appellant and the trial court

complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review:

1. Did the Trial Court err when it failed to grant a mistrial based upon the [Appellant]'s well placed objection to a ***Brady*** violation wherein the Commonwealth had failed to provide evidence of two photo arrays in which [Appellant] was not identified?

2. Is [Appellant] entitled to a new trial whereas here the verdict was against the greater weight of the evidence?

Appellant's Br. at 4.

---

[2] 18 Pa.C.S. § 2502; 18 Pa.C.S. § 903(c); 18 Pa.C.S. § 6106(a)(1); 18 Pa.C.S. § 8108; and 18 Pa.C.S. § 907(a), respectively.

[3] Appellant had prematurely filed a Notice of Appeal, which this Court initially dismissed on February 1, 2018 for failure to comply with Pa.R.A.P. 3517. Appellant later filed an Application to Reinstate Appeal.  We granted the Application, vacated the February 1, 2018 Dismissal Order, and reinstated the instant appeal.

**Brady Violation**

Appellant asserts that the trial court abused its discretion in refusing to grant a mistrial because the Commonwealth withheld favorable information, *i.e.*, that witnesses Sharde Murrell and Tiara Murrell had been shown photo arrays after the September 1, 2007 murder and neither witness identified Appellant as the perpetrator. *Id.* at 16-19. Appellant argues that he could have used this information to confront the sisters about their failure to identify Appellant at a point in time close to the murder in support of his claim that he did not murder decedent. *Id.*

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Commonwealth v. Bryant*, 67 A.3d 716, 728 (Pa. 2013). A mistrial is appropriate "only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." *Id.* at 728 (quotation marks and citation omitted).

*Brady* provides that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87; *see also* Pa.R.Crim.P. 573(B)(1)(a) (pertaining to the mandatory disclosure of evidence favorable to the accused which is material to guilt or to punishment of the accused, and is within the possession or control of the prosecutor).

- 4 -

To establish a **Brady** violation, an appellant must prove three elements: "(1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." **Commonwealth v. Weiss**, 81 A.3d 767, 783 (Pa. 2013).

In order to demonstrate prejudice, "the evidence suppressed must have been material to guilt or punishment." **Commonwealth v. Gibson**, 951 A.2d 1110, 1126 (Pa. 2008). Evidence is material under **Brady** when there is a reasonable probability that, had the evidence been disclosed, the result of the trial would have been different. **Id.** at 1127 (citations omitted). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial does not establish materiality in the constitutional sense." **Commonwealth v. McGill**, 832 A.2d 1014, 1019 (Pa. 2003) (quoting **U.S. v. Agurs**, 427 U.S. 97, 109–10 (1976)).

Detective Hagan recounted at trial that no arrests had been made in connection with the murder in 2007 because no one had identified the shooter at that time. On October 2, 2007, he interviewed Marvella Jackson, Morley and Roberts's mother, after she had a verbal altercation with Appellant. He subsequently created a photo array on October 3, 2007, which included a photograph of Appellant. He explained that he showed this array to only Sharde and Tiara Murrell because they were the only witnesses who did not

know Appellant. He further testified that neither sister identified decedent's shooter from the photo array. Trial Ct. Op. at 11-15.

At side bar, Appellant's counsel informed the court that he never received that photo array in discovery, and moved for a mistrial. He argued that he should have had the opportunity to interview the witnesses with the photo array and to question them on the witness stand about the array and their lack of identification. The trial court found that the Commonwealth's failure to turn over the photo array and non-identification information was inappropriate. However, it determined that Appellant did not suffer prejudice and denied the Motion for Mistrial. *Id.*

We agree that the Commonwealth should have disclosed the evidence at issue to Appellant prior to trial. However, the trial court properly found that there is not a reasonable probability that had the evidence been disclosed, the result of the trial would have been different.[4]

The trial court found overwhelming evidence of Appellant's guilt. *Id.* at 11-15. The court emphasized that three witnesses testified that Appellant confessed to killing decedent. *Id.* at 15-16. In addition, Smith gave eye-witness testimony. *Id.* at 15.

---

[4] We note that that the trial court also found that the evidence at issue was not exculpatory nor could it used for impeachment purposes. Trial Ct. Op. at 14-15. We need not address this analysis, as we agree with the court's finding that Appellant did not demonstrate prejudice under *Brady*.

We agree with the trial court that Appellant has not proven the prejudice element of the **Brady** test. Accordingly, the trial court properly exercised its discretion in denying Appellant's Motion for a Mistrial.[5]

**Weight of Evidence**

Appellant argues he is entitled to a new trial because the verdict shocks one's sense of justice. Appellant's Br. at 19. He asserts that the Commonwealth's main witness, Reginald Smith, was a tainted witness, because he, *inter alia*, received a plea agreement for a reduced sentence, failed to contact police at the time of the murder, had a juvenile bench warrant, had been charged with sex trafficking, and had been involved in selling drugs. *Id.* at 20. Appellant further asserts the testimony offered by the Commonwealth focused more on the fact that Appellant was quarreling with friends and associates than the fact that it was Appellant who committed the homicide in question. *Id.* at 21. These issues challenge the weight of the evidence.

---

[5] We note that in the Statement of Questions Involved section of his Appellate Brief, Appellant states that "the Commonwealth had failed to provide evidence of **two** photo array**s** in which the Defendant was not identified." Appellant's Br. at 3 (emphasis added). However, in his brief, the argument itself refers to only the October 3, 2007 photo array, and is based on Sharde and Tiara Murrell's non-identification. *See id.* at 16-19. Thus, to the extent Appellant is claiming that the trial court erred by failing to grant a mistrial based on the April 24, 2009 photo array, this argument is waived. *See* Pa.R.A.P. 1925(b)(4) (stating that claims not included in the Statement of Errors Complained of on Appeal nor discussed with sufficient detail to identify pertinent issue are waived).

Appellate review of a weight claim is a review of the trial court's denial of the weight challenge raised in the post-sentence motion; this Court does not consider the underlying question of whether the verdict is against the weight of the evidence. ***Commonwealth v. Talbert***, 129 A.3d 536, 545-46 (Pa. Super. 2015). "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." ***Id.*** at 545 (quotation marks and citation omitted). It is well-settled that we cannot substitute our judgment for that of the trier of fact. ***Id.*** at 546.

To prevail on a challenge to the weight of the evidence, the evidence must be "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." ***Id.*** (internal quotation marks and citation omitted). Our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a **palpable abuse of discretion**[.]" ***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014) (citations omitted; emphasis in original).

In denying Appellant's weight of evidence claim, the court carefully evaluated the record. The court observed that the jury heard and weighed Smith's testimony, including evidence related to his drug dealing, current charges of sex trafficking, plea agreement, and juvenile record. Trial Ct. Op. at 5, 18 & n.4. The trial court also recounted testimony from various individuals related to disputes between decedent and Roberts about

decedent's alleged stealing from Roberts, noting that the jury was free to infer that this contention led to decedent's murder. *Id.* at 6, 9, 119, 122-23

Appellant essentially asks us to reassess the credibility determinations made by the jury and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record indicates that the evidence is not tenuous, vague, or uncertain, and the verdict was not so contrary as to shock the court's conscience. We discern no abuse of discretion in the trial court's denial of Appellant's weight challenge.

Finding no merit to either of Appellant's issues, we affirm his Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/19